UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY FERNANDO LOPEZ ROBLES, A-202-095-255,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-03994-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner was detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) The court appointed counsel for petitioner. Respondent's motion to dismiss and petitioner's counseled opposition to the motion to dismiss are before the court. (ECF Nos. 13, 14.)

Petitioner is a citizen and native of Honduras who was ordered removed to Honduras. (ECF No. 1 at 2.) The pending petition seeks petitioner's release from custody and an order enjoining his removal to a third country without certain protections. (Id. at 19-20.)

On August 21, 2026, respondent filed a motion to dismiss. (ECF No. 13.) Respondent asserts the case is moot because petitioner was transferred to the custody of the U.S. Marshal

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636 and the court's minute order dated May 27, 2026. (ECF No. 6.)

following his federal indictment for assaulting a detention officer. (ECF No. 13.) Petitioner's counseled opposition to the motion to dismiss argues respondent does not establish that no collateral consequences remain from the challenged confinement. (ECF No. 14.) Petitioner notes the record contains no evidence concerning what will happen as to petitioner's immigration custody once the intervening criminal custody terminates. (Id. at 5.)

A petition for writ of habeas corpus is deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997). A habeas action is not moot if a petitioner can demonstrate that "some concrete and continuing injury" or some "collateral consequence" remains. See Spencer, 523 U.S. at 7.

Here, the parties agree petitioner is no longer in respondent's custody due to his transfer to the custody of the U.S. Marshal. Petitioner's circumstances are not equivalent to those of a noncitizen whose challenged immigration detention has ended conclusively through, for example, execution of a removal order. However, petitioner does not establish that some concrete and continuing injury or collateral consequence remains. The Ninth Circuit has held the imposition of an immigration detainer is insufficient to trigger habeas corpus jurisdiction. See Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995). The lack of evidence concerning what will happen with petitioner's immigration custody after his intervening criminal custody terminates does not suffice to show that some concrete and continuing injury or some collateral consequence remains. Because this case no longer involves a live case or controversy, the petition should be dismissed as moot. See Spencer, 523 U.S. at 7.

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice as moot.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 robl3994.mer